Baldwin, J.
delivered the opinion of the Court:
The Court is of opinion that Dr. John Snyder, by his contract with Burbridge, and the consent of Hopkins, placed himself in the shoes of Burbridge, in re-§arc^to ^ie purchase by the latter from Hopkins of the two tracts of land, one of 460 acres, and the other of 166 acres, in the proceedings mentioned; and became entitled to conveyances thereof from Hopkins, and bound to him for payment of the purchase money therefor; that the only payment made on account of said purchase money was the sum of 300 dollars, paid through Jeremiah Claypole, on the 15th of February 1797, and evidenced by Hopkins’s receipt to Snyder, dated by mistake the 15th of. January, instead of the 15th of February 1797; that for the balance of said purchase money, with interest thereon, Hopkins was entitled to equitable liens upon the said tracts of land; and that his demand is not barred by the statute of limitations; nor, under the circumstances of the case, and proofs in the cause, liable to the presumption of payment arising from lapse of time, nor to any other well founded objection. The Court is further of opinion that Okey Johnson, the purchaser from Snyder’s executors of a tract of land embracing the said 166 acres, having, under the authority of the said Circuit Court, paid to its receiver the balance of purchase money in his hands, which he had retained, because of the failure of Snyder’s executors to make him a good title for said tract of 166 acres, is exonerated from any further responsibility on account of his said purchase, and ought to receive a conveyance of the legal title to said tract of 166 acres. And said Snyder’s estate being liable to Hopkins’s administrator for the balance of principal money and interest due on account of the purchase money, which said Snyder contracted to pay for the said tracts of 460 and 166 acres, and the money paid by said Okey Johnson to the receiver as aforesaid being *97 equitable assets, and more than sufficient to discharge that balance, so much of it as is necessary should be applied to that purpose, without regard to the circumstance that part of said balance embraces purchase money of the 460, as well as of the 166 acres. The Court is therefore of opinion that there is no error in so much of the decree of the said Circuit Court, as directs a conveyance to the said Olcey Johnson of the title to said tract of 166 acres, and as quiets him in the possession thereof: but that the same is erroneous in directing payment to Cockerell, the plaintiff in the original suit, of his costs out of the money paid to the receiver as aforesaid, and distribution of the residue thereof amongst the representatives of said Snyder and those claiming under them; instead of decreeing such payment and distribution only in regard to what should remain after satisfaction of the balance of principal money and interest due to the appellant as aforesaid; and in failing to decree such satisfaction to the appellant, and in dismissing his cross bill. It is therefore decreed and ordered, that so much of said decree of the said Circuit Court as conflicts with the principles above declared be reversed and annulled, and that the residue thereof be affirmed, with costs to the appellant against Cockerell and Snyder’s representatives, and the cause is remanded for further proceedings, &c.